IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:13-cr-20067-JTF-dkv |
| | ) | |
| | ) | |
| ROBERT DREW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO SUPRESS

Before the Court is the Defendant's Motion to Enlarge the Time to File Pre-Trial Motions and to Suppress Identification Evidence and Incorporated Memorandum in Support filed on November 4, 2013. (DE #32). On November 7, 2013, the motion was referred to the Magistrate Judge for report and recommendation. (DE #35). Plaintiff filed a response to Defendant's Motion to Suppress on November 15, 2013. (DE #37). After hearing from the parties regarding the Motion to Suppress, the Magistrate Judge ordered the parties to file a supplemental response and reply. (DE #38). The Plaintiff filed its supplemental response on December 4, 2013, DE #40, to which the Defendant filed his reply on January 6, 2014. DE #44. Finding a hearing on the motion unnecessary,[1] the Magistrate Judge entered her report on February 10, 2014,

---

[1] The Parties disputed whether a hearing was necessary on the motion to suppress as the Government asserted there was no need for a hearing while the Defendant argued an evidentiary hearing was required. DE #40 and DE #44).

1

recommending that Defendant's Motion to Suppress be denied. (DE #52). No objections have been filed by the Plaintiff within the fourteen (14) days provided in Fed. R. Civ. P. 72(b)(2).

After reviewing the entire record including the Magistrate Judge's Report, the Defendant's Motion to Suppress as well as Plaintiff's Responses and Defendant's Replies to the Responses to his Motion, the Court finds the Magistrate Judge's Report and Recommendation should be ADOPTED.

Adopting the Magistrate Judge's proposed findings of fact, the Defendant is charged in a superseding five- count indictment with two counts of attempted robbery, 18 USC § 1951 , two counts of carrying a firearm in relation to an attempted robbery, 18 USC § 1951, and a felon in possession of a firearm, 18 USC §922 (g). The incident occurred on December 7, 2012 at the Hickory Center Market in Eads, Tennessee. The Defendant fled the attempted robbery without any money from the store. He was shortly apprehended by Oakland police while hiding on the side of the highway and wearing clothing that matched the clerk's description. A loaded .38 caliber revolver and a blue skull cap allegedly used during this incident were also discovered by the police officers. The police returned to the location where the officers presented a photograph showing the Defendant from his neck down to the clerk. The clerk recognized the jacket worn by the Defendant during the alleged robbery attempt.

In his motion to suppress, Defendant asserts the victim's identification of him as the perpetrator of the attempted robbery during the "show- up" identification violated his due process rights under *Manson v. Brathwaite*, 432 U.S. 98 (1977). Defendant asserts the officers returned to the store with Defendant where he was improperly identified by the clerk based on a cropped photograph taken by the officers, all without using the proper safeguards to guard against a substantial likelihood of misidentification. *Ross v. Parker*, No. 10-1093-STA-egb,

2013 U.S. Dist. 104198, *38 (W.D. Tenn. July 25, 2013).   The Plaintiff asserted that the face to face show up was not unduly suggestive and the clerk's positive identification of the Defendant under the totality of the circumstances was reliable. *United  States v. Akins*, 2011 WL 2636697, 2-3 (W.D. Tenn. 2011).

The Magistrate Judge first examined whether the victim's identification of the Defendant's clothing qualified as an identification of the Defendant himself.   In so doing, the Magistrate determined that the clerk's identification of the defendant's clothing did not qualify as a face- to -face identification of the Defendant.   Citing *Johnson v. Ross*, 955 F.2d 178, 180 (2d Cir. 1992), the Magistrate Judge concluded that constitutional due process protections arise only when the witness identifies the suspect, not the suspect's clothing.  Further, the Magistrate Judge concluded that the Defendant's assertions that the photograph was unduly suggestive based on certain identifying features is better suited for resolution at trial instead of on a motion to suppress. *Id*.

After a *de novo* review of the report and recommendation and all of the pleadings in the record, the Court agrees with the Magistrate and finds her report and recommendation should be adopted. The Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED** this 4th day of April, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE