**(UNREDACTED)**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TENNESSEE

WESTERN DIVISION

----------------------------------------------------

UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,          )
                                 )
          VS.                     )   NO. 13-20067
                                 )
ROBERT DREW,                      )
                                 )
              Defendant.          )

----------------------------------------------------

LYNN DUDLEY
OFFICIAL REPORTER
923-A FEDERAL BUILDING
MEMPHIS, TENNESSEE 38103

A P P E A R A N C E S


Appearing on behalf of the Plaintiff:

                EDWARD L. STANTON, ESQ.
                UNITED STATES ATTORNEY
                SUITE 800
                167 NORTH MAIN STREET
                MEMPHIS, TENNESSEE 38103
                BY:  C. DAVID BIGGERS, JR.
                     SAMUEL R. STRINGFELLOW
                     ASSISTANT U. S. ATTORNEYS


Appearing on behalf of the Defendant:

                DORIS RANDLE-HOLT
                FEDERAL PUBLIC DEFENDER
                200 JEFFERSON AVENUE
                SUITE 200
                MEMPHIS, TENNESSEE 38103
                BY:  MARY C. JERMANN-ROBINSON
                     NEDDUM L. GERMANY, III
                     ASSISTANT FEDERAL DEFENDERS

## W I T N E S S   I N D E X

| WITNESS | PAGE | LINE |
|---------|------|------|

NO WITNESSES

4

# E X H I B I T   I N D E X

| EXHIBIT NUMBER | PAGE | LINE |
|---|---|---|

NO EXHIBITS

1                    **MONDAY MORNING**

2                     **APRIL 21, 2014**

3           The trial of this case began on this date,

4    Monday, April 21, 2014, at 9:30 o'clock a.m., when

5    and where evidence was introduced and proceedings

6    were had as follows:

7

8           ------------------------

9

10          **THE COURT:**  All right.  Just for the

11   record, this is the United States versus Robert

12   Drew, Indictment Number 13-20076, set today for

13   trial.

14          Are both sides ready to proceed?

15          **MR. BIGGERS:**  The government is ready to

16   proceed, Your Honor.

17          **THE COURT:**  All right, thank you.

18          **MS. JERMANN-ROBINSON:**  Yes, Your Honor.

19          **THE COURT:**  All right.  The jury is

20   outside, it is set for jury trial today.

21          I don't know, I know Mr. Biggers has tried

22   a case in here, I --

23          **MS. JERMANN-ROBINSON:**  I have not.

24          **THE COURT:**  Okay, Ms. Robinson has not.  I

25   can't remember about Mr. Germany, I know

1    Mr. Stringfellow has not.

2         Okay.  Just a couple of things, when we

3    call them I have some preliminary things that I go

4    over with jurors, it's nothing out of the ordinary,

5    I talk with them, let them know what the charge is,

6    about how long the case is going to take to try, our

7    daily work, you know, how late we're going to work,

8    go over the indictment, the fact that is the

9    charging instrument notice, presumption of

10   innocence, I talk with them very briefly about that,

11   that presumption of innocence leads into the burden

12   of proof, it being on the government.  And that the

13   defendant has no burden whatsoever, doesn't have to

14   testify, all of things.

15        Take a little bit about witnesses and

16   exhibits and what their job is basically to

17   determine the facts and apply the law.  The law, of

18   course, is what I give them.  And at the end the

19   final 12 will have to determine whether or not the

20   defendant is guilty.

21        As I say, those are things that I normally

22   go over with the jury panel prior to us getting

23   started.

24        Now the way we will select them, after

25   they have -- after they are sworn, Mr. Herrin will

1   swear the jury.  We will call 18 jurors, we'll start

2   filling the box back row from right to left, my

3   right to left, be six in the back, six in the next

4   row, and then finally six in the row in front.

5        I will get preliminary information from

6   them, marital status, kids, where they're working,

7   how long, just briefly what they do, things like

8   what part of the district do they live in, I won't

9   ask for addresses or anything like that, but if they

10  live in north Memphis, east Memphis, you know,

11  Millington, whatever.

12       Afterwards both sides obviously will get

13  an opportunity to voir dire the jury.

14       During my preliminaries there will be an

15  opportunity for both sides to introduce themselves,

16  also the defense, if you choose, can introduce

17  Mr. -- Mr. Drew.

18       When we're putting on proof, basically I

19  give both sides two shots at the witnesses, it will

20  be direct and cross.  Assuming there is redirect, I

21  will allow recross, but after that we're done and I

22  will excuse the witness.

23        I can't think of anything else at this time

24  but, if there are any questions, just don't

25  hesitate, just let me know and we'll deal with them.

1          **MS. JERMANN-ROBINSON:**  Thank you, Your

2    Honor.

3          We're a long way from there right now, but

4    do you charge the jury after we close or before?

5          **THE COURT:**  I charge the jury after you

6    close.

7          **MS. JERMANN-ROBINSON:**  Okay.

8          **THE COURT:**  We will have a conference and

9    go over the jury charge so you will have it, you

10   will know what I'm going to charge and all the

11   lawyers will get a copy of that and we'll hash it

12   out and make sure we deal with all the problems if

13   there are objections.  But then both sides will

14   argue, depending on how the proof goes will dictate

15   to me whether or not there will be a time limit as

16   far as closings are concerned, and afterwards then I

17   will go straight into the charge.

18          Okay.  Anything else?

19          **MS. JERMANN-ROBINSON:**  One other thing,

20   Your Honor.

21          On Tuesday, tomorrow evening, I'm having

22   some child pickup issues with my stepson.  I don't

23   know how late we'll work, but I need to pick him up,

24   it's not far from here, only ten minutes from here,

25   about six or a little before six o'clock.

1          **THE COURT:**  All right.  Remind me of that

2    sometime tomorrow afternoon.

3          **MS. JERMANN-ROBINSON:**  I will.

4          **THE COURT:**  Because normally now that we

5    are in longer days, I normally work until about six

6    o'clock or that time.  So if you need to get out of

7    here 5:30, that's not a problem, but remind.  Okay.

8          **MS. JERMANN-ROBINSON:**  Thank you, Your

9    Honor.

10          **THE COURT:**  Unless there's anything else?

11          Mr. Biggers.

12          **MR. BIGGERS:**  Just briefly, dealing with

13    the scheduling issues, we have one witness who is

14    scheduled -- slated to testify towards the latter

15    part of the government's proof.

16          **THE COURT:**  Uh-huh.

17          **MR. BIGGERS:**  If for some reason we go

18    quicker than expected, that witness cannot be here

19    on Wednesday morning, the witness has to testify

20    either tomorrow or Wednesday afternoon after two

21    o'clock.

22          **THE COURT:**  I don't think that will be a

23    problem.

24          I think all of you know, and just in case

25    if you don't know, we're only working half a day

1 today, I picked up a speaking engagement I couldn't

2 get out of, and so we're going to break for lunch

3 around 12:30, be done for the day.  Even if we were

4 by some stretch to get a jury before then, there

5 will be no proof today.  Okay.  We will pick it up

6 tomorrow morning.  I do have a couple of brief

7 matters, I think, at nine o'clock, so at 9:30

8 tomorrow we should be able to get back to it and

9 work the entire day.  Of course, we will take into

10 account when we leave.

11          And then on Wednesday I do have a couple

12 of matters, like I say, in the morning, but, you

13 know, we should be able to get just about a full

14 day's work on Wednesday.  So we will be able to

15 accommodate.  Okay.

16          Unless there's anything else?

17          Okay.  Let go ahead and get started, let's

18 bring in the jurors.

19          You all may be seated, they're standing

20 for you.

21          (Jury Panel present at 10:04 a.m.)

22          **THE COURT:**  All right.  Good morning,

23 ladies and gentlemen.

24          That wasn't too bad, I know you are not

25 too happy about being here, but I appreciate you

1    coming down and doing your duty as jurors today.

2            I want to welcome each and everyone of you

3    here to Division III of Federal District Court.

4    This is Courtroom Number III.  I just want to make

5    sure everybody is where they are supposed to be

6    today.

7            My name is John Fowlkes, and I'm judge of

8    this division of court.  Last week I had my clerk,

9    Mr. Herrin here, call the jury commissioner, ask

10   that he call some jurors, a jury panel, to come down

11   here today and help me deal with a matter that's on

12   my calendar for trial.  And so you are the lucky

13   ones who will be working with us over the next few

14   days to deal with this case.

15           There's just a couple of thing's I need to

16   make you aware of before we even get started in the

17   case.

18           There are certain times when I have to

19   give potential jurors, as well as the final jurors,

20   instructions in the case.  Now sometimes those

21   instructions are written, I have to actually read

22   them to you.  Sometimes those instructions are oral.

23   In other words, I have to talk with you and -- and

24   give you instructions, you know, orally as I'm doing

25   right now.  And so I ask all of you if you would,

1    please, to pay close attention to the things that I

2    am saying because that will help us speed through

3    this whole process just a little faster.  Okay.

4              Let me talk with you about how long I

5    anticipate the case is going to go and our schedule.

6    We're getting started a decent time today, about ten

7    o'clock, we usually get started earlier than that.

8    Today I had some preliminary things that I had to

9    workout with the parties.

10             Today, though, we're only going to work a

11   half day, and that is my fault, I got corralled into

12   a speaking engagement out at the University of

13   Memphis this afternoon, and so we're going to work

14   until about 12:30 today and then come back and pick

15   up fresh tomorrow morning and keep moving forward.

16   Tomorrow morning we will get started at 9:30, I will

17   talk about that in a little more detail shortly.

18   Okay.  Ask that you be prompt, and we'll give you

19   instructions on where to go in the morning, things

20   like that.

21             And now the type of case that we're going

22   to be dealing with today -- oh, I also needed to let

23   you know we will work usually until about six

24   o'clock in the evening.  If that turns into a

25   significant problem for anyone, when we go through

1   this jury selection process, there will be a time

2   when you can let us know if that's a real problem.

3   Sometimes it will be a little earlier than six

4   o'clock, maybe a little later, but it depends on the

5   circumstances.

6          Now the type of case that we have here,

7   I'm just going to go over briefly the charges that

8   are set out in the indictment and then I will talk

9   with you in just a minute or two in a little more

10  detail about the indictment and about what it is and

11  what it isn't, things of that nature.

12         But before we do that, there is one other

13  thing that I have to take care of.  If you would,

14  please, listen to me carefully.  I would like for

15  everyone to reach into their purses, pockets, maybe

16  on their belt and pull out those handheld computer

17  devices, also known as cell phones.  If you have

18  one, please take it out now.  Hold it up so that I

19  can see it.

20         Okay.  Looks like most people were pretty

21  good about turning them off when you came in the

22  courtroom.  I just like to double-check that.  Okay

23  you can put them down.

24         If your unit is on, please use the on/off

25  switch right now and turn it off.  Vibrate isn't

1   good enough.  Silent isn't good enough.  It should

2   be turned off.

3          And I kind of make a big deal about that,

4   you see, because it may be off now, but when you

5   leave on a break and come back or lunch or maybe

6   tomorrow morning, always remember to turn it off.

7   It's really embarrassing when the Star Spangled

8   Banner goes off in the courtroom and then you rush

9   to try to turn that unit off.  Okay.

10          Now I say that and I make a big deal about

11   it, but there's a deeper point that's even more

12   important, those devices need to be off when you're

13   dealing with this case because everything that you

14   need to handle this case you will get here in the

15   courtroom.

16          Now I will go into a lot more detail about

17   that later, that it is important that the

18   information, the evidence, the testimony, everything

19   that you get in order to handle this case will come

20   here in the courtroom.

21          In other words, I don't want anyone doing

22   any outside research or investigation to try to find

23   out more about this case, everything that you need

24   to handle this case will happen here in the

25   courtroom.  Okay.

1        Now, the type of case that we have.  And

2    all of our cases, the criminal case's we proceed to

3    trial with grand jury returns a document that we

4    call an indictment.  An indictment was returned in

5    this case charging Mr. Robert Drew, the defendant in

6    this case with five charges.  Okay.

7        Count One of the indictment charges him

8    with attempt to obstruct, delay and affect commerce

9    by robbery.

10        It's basically an attempt robbery case.

11        Count Two of the indictment charges him

12    with on a certain date carrying, using and

13    brandishing a firearm during and in relation --

14    during and in relation to that crime, the attempt

15    robbery in Count One.

16        Count Three charges Mr. Drew with being a

17    convicted felon.  At the time of the offense he had

18    at least one prior offense on his criminal history,

19    that the conviction exceeded one year, and he

20    knowingly possessed a firearm.

21        Count Four is another attempt robbery by

22    commerce.

23        And then Count Five is another use, carry,

24    brandish a firearm during and in relation to that

25    crime of -- a crime of violence.  There are five

1    charges in the indictment.  Okay.

2         Now I hasten to add this, and please

3    listen to me, an indictment which contain those

4    charges, basically it -- that's all it is is a

5    charging instrument.  It provides the defendant and

6    his lawyers with notice of the charges against him.

7         An indictment is not evidence against the

8    defendant.  It only sets out those charges.

9         A defendant, a person who is charged with

10   an offense is what we call presumed innocent of the

11   charges.

12        So as Mr. Drew sits here in the courtroom

13   he is presumed innocent of those charges that I just

14   outlined for you.  Okay.  So keep that in mind as we

15   move forward.

16        The grand jury returned an indictment

17   against him.  It sets out the charges, it provides

18   the defense with notice of what those charges are.

19        And Mr. Drew is presumed innocent of those

20   charges.

21        Now you say in your mind, okay, well, he's

22   been indicted, he's been charged, but he is presumed

23   innocent, so how do we move forward from this --

24   from this situation.

25        And then we move forward because there is

1  no inference of guilt from the indictment, and that

2  presumption of innocence can only be removed in one

3  way, and that is presentation of proof of guilt.

4         Now the defendant has no obligation to

5  present anything.  He does not have to testify.  He

6  does not have to present any proof at all.  The

7  burden of proof in the case lies with the

8  government.

9         The representatives of the government, who

10  you will meet, as well as the defense folks,

11  shortly, must present evidence to the jury and that

12  evidence must convince the jury, each individual

13  jury -- juror of Mr. Drew's guilt of these offenses

14  beyond reasonable doubt.  Okay.  And you will hear

15  that time and time again.  The proof must remove any

16  reasonable doubt.

17         Again, the defendant has no burden of

18  proof, only the government must present proof to

19  convince the jurors of his guilt beyond reasonable

20  doubt.  Okay.

21         Now the way we go about presenting proof

22  is through the testimony of witnesses.  Witnesses

23  will be called, the government has to call

24  witnesses.  The defense doesn't have to, but they

25  can if they want to.

1    I will place the witnesses under oath.

2 They will come forward, I will place them under oath

3 and they will sit in this case right here, the

4 witness chair, and they will answer questions put to

5 them by the lawyers.  May also introduce photographs

6 or I don't know what the proof will be in this case,

7 maybe -- it maybe firearms or things like that, but

8 they will be introduced through the testimony of

9 witnesses.  And both sides will have an opportunity

10 to question those witnesses and to deal with those

11 exhibits.

12    Your job, as jurors, the final 12 jurors,

13 will be to determine basically the facts, what

14 happened.  And that will be based on the testimony

15 of the witnesses as well as any exhibits that are

16 introduced.

17    You will also have to apply the law.  The

18 law comes from me, as I said, either orally or

19 written instructions, you have to apply the law to

20 the facts and determine what happened and what the

21 final verdict will be.

22    I'll tell you right now that the final 12

23 jurors, their verdict or decision on each count of

24 the indictment must be unanimous.  In other words,

25 all 12 of the final jurors must agree to that

1   verdict.

2          And that verdict will be whether or not

3   the defendant is guilty or not guilty of those

4   offenses.

5          You don't have to worry about any

6   punishment, the law is that the judge, I, will be

7   tasked with punishment if there is a guilty verdict

8   on any of the counts.  So the punishment involved is

9   not your concern.  Okay.

10          So keep those things in mind as we move

11   forward.  An indictment was returned charging the

12   defendant with several violations of federal law.

13          The purpose of the indictment is to give

14   the defendant and his lawyers notice of what they

15   are charged with and what they have to defend

16   against.  It is not evidence against the defendant.

17          He is presumed innocent as he sits there

18   right now and he does not have to present any

19   witnesses.  He does not have to testify.

20          If he decides not the present any evidence

21   and not to testify, you can't hold that against him.

22   You can't say to yourself I sure wish he would have

23   testified, he didn't or he should have presented

24   some witnesses.  Basically you have to make your

25   decision on the evidence that is presented in the

1    trial.

2            Also, remember that the burden is on the

3    government to prove each and every element of the

4    crimes beyond reasonable doubt to your satisfaction.

5    Okay.

6            As I say, keep those things in mind.  The

7    lawyers will have an opportunity to question you and

8    they will go into more detail about those things and

9    other things in just a few minutes.

10           I am going to give both sides an

11   opportunity to introduce themselves after which I

12   will tell you how we are going to proceed as far as

13   jury selection is concerned.  You see all of these

14   empty chairs up here, in just a few minutes they are

15   good be to filled with potential jurors.

16           But the introductions at this time.

17           First the government.

18           **MR. BIGGERS:**  Thank you, Your Honor.

19           Good morning.

20           My name is David Biggers.  I'm the

21   representative of the United States Attorney's

22   office here in this case.

23           Seated with me at counsel table,

24   Mr. Samuel Stringfellow.  He's also with our office,

25   he's an attorney that will be prosecuting this case

```
 1   with me.
 2            As well as Special Agent Jon Reed, with
 3   the Bureau of Alcohol, Tobacco, Firearms and
 4   Explosives.
 5            THE COURT:  Thank you, Mr. Biggers.
 6            And now the defense.
 7            MS. JERMANN-ROBINSON:  Thank you, Your
 8   Honor.
 9            Good morning.
10            Mary C. Robinson, I'm lead counsel for the
11   defendant.  The defendant is Robert Drew.
12            And assisting me is Ned Germany.
13            MR. GERMANY:  Good morning.
14            THE COURT:  Thank you, Ms. Robinson.
15            Okay.  As I said, the lawyers will have an
16   opportunity in just a few minutes to question you,
17   and keep those things in mind.
18            Now I would like for you to turn your
19   attention to the jury box for just a couple of
20   minutes.  As I said, in a few minutes, Mr. Herrin
21   here, after you all take an oath, he is going to
22   start calling names and we're going to fill the jury
23   box up here.  There will be 18 names that will be
24   called and when you hear your name you will come
25   forward.
```

1          We will start filling the jury box,

2    basically there are three rows, and we will start

3    filling the jury box with the back row.  And we will

4    go, as your name is called, we'll fill it from the

5    back row starting on the right and working your way

6    to the left.

7          The first six names that will be called

8    will fill that back row.  You'll see there will be

9    an empty chair on the left side, that will be for

10   alternate juror later.

11         As Mr. Herrin continues calling names we

12   will then beginning filling the next row, the row of

13   chairs just inside the jury box.  Again, from right

14   to left six jurors will fill those chairs.  Again,

15   when you get down to the left side, there will be an

16   empty chair there for an alternate juror.

17         Mr. Herrin will continue calling names and

18   will fill the front row here with six more potential

19   jurors.  And then after he calls the last one, you

20   will see there will be six, and again filling from

21   right to left.  So there will be plenty of room, we

22   will be able to get everyone in the jury box or at

23   the proper location.

24         Now, when you're up there, first I'm going

25   to have some preliminary questions for you to get

1    some of the preliminary things out of the way.

2    There's certain information that I have to verify.

3    I will ask you your marital status, I'll ask you if

4    you're married, but really it's marital status,

5    married, separated, divorced, whatever it is.

6              I will ask you number of children,

7    employment information, where you are working, just

8    briefly describe what you do on your job.  And then

9    verifying the place in the district where you

10   reside.  I'm not asking for an address, but

11   basically what part of the district where you

12   reside.  It might be east Memphis or south Memphis,

13   Frayser, Millington, you know, whatever it is.  As I

14   said, I don't need a specific address or anything

15   like that.

16             Once I go through everyone and get all of

17   that preliminary information, I'm going to turn it

18   over to lawyers.  Both sides will have an

19   opportunity to ask you questions.  They are not

20   trying to pry into your personal lives, but they

21   know this case, they know the facts.  I don't know

22   it, I'll hear it as you hear it.  They know what's

23   going to come, and they have in their minds certain

24   types of folks that may be best for this particular

25   case.

1          And so, if you're not selected to be on

2    this case, you know, don't get offended or anything

3    like that, it's just certain things that they may be

4    looking for.  Okay.  So keep those things in mind as

5    we move forward and we will get through this just as

6    quickly as we can.  All right.

7          Now at this time all of you will need to

8    receive the oath from the clerk.  So, if you would,

9    please, rise.  All of the potential jurors rise.

10   Raise your right hands, receive the oath.

11        **THE CLERK:**  Do you and each of you

12   solemnly swear or affirm the answers to the

13   questions to be propounded to you by the court in

14   this case for which you may be drawn as a juror to

15   be the truth, the whole truth and nothing but the

16   truth, so help you God?

17        **THE JURY PANEL:**  (Responded

18   affirmatively.)

19        **THE CLERK:**  You may be seated.

20        (Voir Dire of the Jury.)

21        (Adjournment at 12:47 p.m.)

22

23

24

25